Jeffry ELVIANO, Petitioner,

v.

Michael B. MUKASEY, Attorney General, Respondent.

No. 06–70788.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 24, 2008.*

Filed Dec. 3, 2008.

R.App. Petr. 34(a)(2).

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

Dina Marie Sokhn, Law Office of Dina M. Sokhn, San Jose, CA, for Petitioner.

Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Norah Ascoli Schwarz, Esquire, Claire Workman, Trial, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, for Respondent.

Before: ALARCÓN, LEAVY, and TALLMAN, Circuit Judges.

MEMORANDUM **

Jeffry Elviano, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings, *Ghaly v. INS*, 58 F.3d 1425, 1429 (9th Cir.1995), and we deny the petition for review.

Substantial evidence supports the BIA's finding of no past persecution because the harms experienced by Elviano

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

in 1995, even when considered cumulatively, do not rise to the level of persecution. *See Prasad v. INS,* 47 F.3d 336, 339–40 (9th Cir.1995). Substantial evidence also supports the BIA's conclusion that Elviano failed to establish that the 2001 attempted recruitment was on account of a protected ground, *see Tecun–Florian v. INS,* 207 F.3d 1107, 1110 (9th Cir.2000), and thus correctly did not consider it as part of the cumulative harm. In addition, substantial evidence supports the BIA's finding that Elviano has failed to demonstrate a well-founded fear of future persecution because there is no evidence that his persecutors have a continuing interest in him. *See Lata v. INS,* 204 F.3d 1241, 1245 (9th Cir.2000). Lastly, the record does not support Elviano's claim that there is a pattern or practice of persecution against moderate Muslims in Indonesia. Accordingly, Elviano's asylum claim fails.

Elviano failed to establish his eligibility for humanitarian asylum. *See* 8 C.F.R. § 1208.13(b)(1)(iii).

Because Elviano has failed to meet his burden of proof for asylum, he cannot meet the higher burden of establishing eligibility for withholding of removal. *See Ghaly,* 58 F.3d at 1429.

Substantial evidence also supports the BIA's denial of CAT relief because Elviano has not established that it is more likely than not that he will be tortured by, at the instigation of, or with the consent or acquiescence of the Indonesian government. *See Arteaga v. Mukasey,* 511 F.3d 940, 948–49 (9th Cir.2007).

**PETITION FOR REVIEW DENIED.**